UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN and, <br> IAN J. CAMERON, <br><br> Plaintiffs, <br><br> vs. <br><br> TONY PARKER, ET AL., <br><br> Defendants. | No. 22-1229-SHM-tmp |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 50)**

Before the Court is the Motion For Extension Of Time To File Amended Complaint, which Plaintiffs Billie Joe Chapman and Ian J. Cameron (collectively, the "Plaintiffs") filed on April 10, 2023. (ECF No. 50 (the "Pending Motion").) For the reasons explained below, the Pending Motion is GRANTED.

**I.      PROCEDURAL BACKGROUND**

On October 13, 2022, the Plaintiffs filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Plaintiffs were incarcerated at the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee when they filed the complaint. (ECF No. 1 at PageID 2.) The Plaintiffs remain confined at the HCCF. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Apr. 25, 2023).) On December 19, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the Plaintiffs' proportionate shares of the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 31.) On March 10, 2023, the Court (1) dismissed the complaint with prejudice in part and without prejudice in part, (2) granted leave to amend the claims dismissed

without prejudice within twenty-one (21) days, and (3) denied the Plaintiffs' twenty-nine (29) pending motions.  (ECF No. 43 (the "Screening Order").)  The Screening Order warned the Plaintiffs that, "[u]nless and until amended claims of the Plaintiffs pass screening under the PLRA, the Court may summarily dismiss any motions, affidavits, attachments, or notices that the Plaintiffs file."  (*Id*. at PageID 575 (the "Filing Restriction").)  The Plaintiffs' deadline to amend the complaint was Friday, March 31, 2023.  (*See id*. at PageID 573.)

After the Screening Order was entered, the Plaintiffs filed: (1) a Motion For T.R.O. / Injunction Hearing (ECF No. 44 (filed March 10, 2023)); (2) a Motion To Enter Evidence / Exhibits (ECF No. 45 (filed March 13, 2023)); and (3) a Motion To Submit Evidence (ECF No. 46 (filed March 13, 2023)) (collectively, the "Three Motions").  On March 31, 2023, the Court denied the Three Motions as non-compliant with the Screening Order.  (ECF No. 47.)

On April 3, 2023, the Plaintiffs filed a Notice of Appeal of the Screening Order in the United States Court of Appeals for the Sixth Circuit.  (ECF No. 48 (the "NOA").)

On April 10, 2023, the Plaintiffs filed the Pending Motion.  (ECF No. 50.)  The Plaintiffs represent that the HCCF "is on lockdown … because of killings and drug overdoses … at this prison facility."  (*Id*. at PageID 706 (the "Alleged Lockdown").)  The Plaintiffs say that they "have been refused / denied access into … the law library" and "can't even get paper."  (*Id*.)  The Plaintiffs represent that they "have been locked down for more than 6 months plus for one claimed incident with no legal access."  (*Id*. at PageID 707.)  The Plaintiffs say that they did not receive the Screening Order until March 21, 2023.  (*Id*. at PageID 706.)  The Plaintiffs seek an additional thirty (30) days to amend the complaint.  (*Id*. at PageID 707.)

## II.   ANALYSIS

### A.  The Court's Jurisdiction To Consider The Pending Motion

As a general rule, District Courts lose jurisdiction over an action once a party files a notice of appeal and jurisdiction transfers to the appellate court.  *See Cochran v. Birkel*, 651 F.2d 1219,

2

1221 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152 (1982).  District Courts retain jurisdiction over an action when an "appeal is untimely, is an appeal from a non-appealable nonfinal order, or raises only issues that were previously ruled upon in that case by the appellate court" (referred to as the "Exceptions To Transfer Of Jurisdiction").  *Lewis v. Alexander*, 987 F.2d 392, 394–95 (6th Cir. 1993) (quoting *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)).

The dismissal of an action without prejudice may be appealable.  *See* 28 U.S.C. § 1291 ("The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States").  The appealability inquiry turns on whether a dismissal without prejudice constitutes a final order under § 1291.  *Azar v. Conley*, 480 F.2d 220, 222-23 (6th Cir. 1973) (internal citations omitted).  "For a dismissal without prejudice to be inherently final, it must, as a practical matter, prevent the parties from further litigating the merits of the case in federal court."  *Robert N. Clemens Tr. v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (internal citation omitted).  "Courts of appeals have uniformly held that an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit."  *Network Commc'n v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990) (citing cases).

The Screening Order is not an appealable final decision because the Screening Order "dismiss[ed] [the] [C]omplaint, as opposed to [the] action."  *See Thompson v. Mich. Dep't of Corr.*, 23 F. App'x 486, 487-88 (6th Cir. 2001).  The Screening Order did not, "as a practical matter, prevent the parties from further litigating the merits of the case in federal court."  *See United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002).  The Screening Order is a non-appealable nonfinal order because the Court granted leave to amend the complaint (ECF No. 43 at PageID 573-75) and did "not … enter[] a final judgment."  *See Clemens*, 485 F.3d at 845.

The Court has jurisdiction to consider the Pending Motion (ECF No. 50) because the NOA seeks to appeal the non-appealable nonfinal Screening Order.  The Pending Motion seeks an

extension of the time granted in the Screening Order for the Plaintiffs to amend the complaint. (*See id.* at PageID 573.)

### B. The Pending Motion

The Plaintiffs' alleged need for additional time to amend is inconsistent with their ability to file, which is amply documented in the record. For example: (1) during the six-month Alleged Lockdown (*i.e.*, approximately October 10, 2022 through April 10, 2023), the Plaintiffs filed the complaint (ECF No. 1) and twenty-nine (29) motions (ECF Nos. 3, 4, 6, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 21, 23, 24, 27, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 41 & 42); and (2) after the Plaintiffs received the Screening Order on March 21, 2023 (*see* ECF No. 50 at PageID 706), they filed the NOA within ten (10) days. (ECF No. 48-1 at PageID 702.) The record demonstrates that the Plaintiffs' filing capabilities are not as constrained during the Alleged Lockdown as the Pending Motion suggests.

Because the Plaintiffs are appearing *pro se*, however, and because the Court must accept the Pending Motion's allegations as true at this stage of the case, the Court GRANTS the Pending Motion (ECF No. 50). The Court GRANTS leave to amend ON OR BEFORE MAY 25, 2023. No further applications for extensions to amend will be granted, to the extent those applications are based on the Alleged Lockdown, without prior demonstration that the Plaintiffs: (1) have unsuccessfully made good faith efforts to (a) access the law library at the HCCF or (b) obtain writing instruments or paper; and (2) need law library access to amend the complaint.

The Screening Order's Filing Restriction remains in place unless and until any of Plaintiffs' amended claims pass screening under the PLRA. (*See* ECF No. 43 at PageID 575.)

IT IS SO ORDERED, this 25th day of April, 2023.

       /s/ *Samuel H. Mays, Jr.*
       SAMUEL H. MAYS, JR.
       UNITED STATES DISTRICT JUDGE